# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11109
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2015

Lyle W. Cayce
Clerk

ARLINGTON APARTMENT INVESTORS, L.L.C.,

Plaintiff - Appellant

v.

ALLIED WORLD ASSURANCE COMPANY (U.S.), INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-61

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Arlington Apartment Investors, L.L.C. appeals the district court's grant of summary judgment dismissing its claims against its insurance company, Allied World Assurance Company (U.S.), Inc.  We AFFIRM.

In September 2010, Tropical Storm Hermine damaged apartment buildings owned by Arlington.  Arlington filed a property-damage claim with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11109

Allied World to recover for its losses.  Allied World retained Engle Martin & Associates, an independent adjusting company, to investigate Arlington's claim.  Engle's adjuster, Larry Couvillon, determined that the apartments sustained roof damage totaling $39,308.84.  Accordingly, Allied World paid Arlington $14,308.84, the full amount of the undisputed portion of the claim less the policy's $25,000 deductible.  Meanwhile, Arlington retained its own adjuster, International Risk Control ("IRC"), which estimated roof damage in the amount of $456,364.33 and foundation-related damage totaling $1,829,630.10.

Arlington filed this suit in Texas state court to recover the additional damages that it alleged were owed under the policy.  Arlington alleged claims for: (1) breach of contract, (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"), (3) violations of the Texas Insurance Code, and (4) breach of the duty of good faith and fair dealing.  It sought actual damages, penalties, and attorney's fees.  Allied World removed the action to the United States District Court for the Northern District of Texas and filed a motion for summary judgment.  The district court granted Allied World's motion, dismissing all of Arlington's claims with prejudice.  The court held that Arlington had failed to demonstrate, by admissible evidence, the existence of a genuine dispute of material fact.  Arlington appeals.

## DISCUSSION

"We review a grant of summary judgment de novo, applying the same standard as the district court." *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . .

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once a moving party satisfies its burden of demonstrating the absence of a genuine dispute of material fact, "the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case . . . ." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). Unsubstantiated assertions and conclusory allegations do not constitute competent summary-judgment evidence. *See id.* A court may consider only admissible evidence in ruling on a motion for summary judgment. *Mersch v. City of Dall., Tex.*, 207 F.3d 732, 734–35 (5th Cir. 2000). Rule 56 "does not impose upon us or the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012) (citation and internal quotation marks omitted).

The district court determined that most of Arlington's evidence submitted in support of its opposition to Allied World's summary-judgment motion was inadmissible and therefore could not be considered in ruling on the motion. In particular, the court ruled that the estimate and report prepared by Arlington's expert, IRC, were not verified or authenticated and were thus inadmissible. Further, the affidavit of Lawrence Schwartz failed to meet the requirements of Rule 56 and was likewise inadmissible. The court also explained that Arlington's repeated citation to the "same string cite" was insufficient to satisfy its burden of identifying specific evidence in the record. The court noted that it was "not like a pig, hunting for truffles buried in briefs, or, in this case an appendix." Because Arlington had failed to point to admissible evidence in the record demonstrating the existence of a genuine dispute of material fact, the court granted Allied World's motion.

No. 14-11109

On appeal, instead of addressing the basis of the district court's ruling, Arlington again argues that the same evidence demonstrates that there is a genuine factual dispute. Arlington has therefore waived review of the district court's reasoning for not considering its evidence in ruling on the summary-judgment motion. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). Arlington does not direct us to any other specific, admissible evidence demonstrating the existence of a genuine dispute of material fact. It has thus failed to satisfy its summary-judgment burden.[1]

AFFIRMED.

---

[1] Having found no genuine dispute of material fact on Arlington's DTPA and Texas Insurance Code claims, Arlington's claims for interest and attorney's fees fail as a matter of law.

4